# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SELENE FINANCE, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUNRISE HIGHLANDS COMMUNITY ) <br> ASSOCIATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:16-cv-02521-KJD-NJK <br><br> ORDER DENYING MOTION TO COMPEL <br><br> (Docket No. 37) |

Pending before the Court is Defendant SFR Investments Pool 1, LLC's motion to compel. Docket No. 37. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

court action." The Local Rules further expound on this requirement, providing that discovery motions will not e considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

The parties dispute whether a proper meet and confer was conducted with respect to the pending disputes. Specifically, Defendant's counsel certifies that a discussion occurred regarding a second deposition during the meet and confer. Docket No. 37-1 at 2. Plaintiff's counsel, on the other hand, certifies that no such discussion occurred, and the issue of a second deposition was first raised by Defendant's counsel in an e-mail after the meet and confer. Docket No. 39 at 5, 7.

The Court declines to weigh into this factual dispute between counsel. As the movant,

---

[1] These requirements are now largely codified in the Court's newly effective local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

2

1  Defendant bears the threshold burden of submitting competent evidence establishing that a sufficient
2  meet and confer was conducted. *See* Local Rule 26-7(c) (the movant must "include[] a declaration
3  setting forth the details and results of the meet-and-confer conference"); *see also* Local Rule IA 1-3(f)(2)
4  (the movant must "submit a declaration stating all meet-and-confer efforts"). In any event, the parties'
5  declarations both support the fact that, after Defendant's counsel received the supplemental disclosure
6  from Plaintiff's counsel and determined it to be insufficient, a further meet and confer was not held prior
7  to the filing of the instant motion. *See* Docket No. 37-1; *see also* Docket No. 39 at 5-7.

For the reasons discussed more fully above, the motion to compel, Docket No. 37, is **DENIED** without prejudice. Defendant may renew that motion if a further meet-and-confer is conducted and the renewed motion otherwise comports with all applicable rules.

IT IS SO ORDERED.

DATED: October 3, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge